**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ADAM DE LA CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1020-M |
| | ) | |
| STATE OF OKLAHOMA, ex rel., | ) | |
| OFFICE OF JUVENILE AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Compel Discovery, filed May 27, 2015. On June

17, 2015, defendant filed its response, and on June 23, 2015, plaintiff filed his reply. Based upon

the parties' submissions, the Court makes its determination.

I.      Introduction

In the instant case, plaintiff alleges he was wrongfully terminated after seeking time off for

medical treatment in violation of the Americans with Disabilities Act and the Oklahoma Anti-

Discrimination Act. On January 12, 2015, plaintiff issued discovery requests to defendant;

defendant responded on February 13, 2015. Plaintiff asserts that defendant's responses were

deficient and now moves this Court to compel defendant to supplement its discovery responses.

Specifically, plaintiff seeks supplemental responses to Interrogatories 3, 4, 6, and 7 and Requests

for Production 9 and 14.

II.     Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense – including the
> existence, description, nature, custody, condition, and location of any

> documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

A.    Witness information (Interrogatories 3, 4, 6, and 7)

Plaintiff asserts that defendant's responses to Interrogatories 3, 4, 6, and 7 are deficient and requests the following information: (1) as to Interrogatory 3, plaintiff requests contact information for the witnesses; (2) as to Interrogatory 4, plaintiff requests the names and contact information of the potential witnesses, limited to persons supervised (directly or indirectly) by J.D. Johnson, a decision maker who supervised plaintiff's work-site facility; (3) as to Interrogatory 6, plaintiff requests the names and contact information of persons possessing material knowledge and the material facts known to such persons; and (4) as to Interrogatory 7, plaintiff requests the names, contact information, and dates of employment.

1.    Contact information

Defendant asserts that it is prohibited by Oklahoma statute, specifically Okla. Stat. tit. 74, § 840-2.11, from disclosing the personal information requested of its current and former employees. Section 840-2.11 provides:

> The home addresses, home telephone numbers, social security numbers, and information related to personal electronic communication devices of current and former state employees shall not be open to public inspection or disclosure without written permission from the current or former state employees or without an order from a court of competent jurisdiction.

Okla. Stat. tit. 74, § 840-2.11.  Plaintiff contends that this statute does not apply because there is an agreed protective order prohibiting public disclosure of this information in place in this case and, thus, the information is not being publicly disclosed.  Plaintiff further states that he would not be opposed to broadening the protective order to cover contact information not already addressed.  In its response, defendant states that it agrees to provide supplemental responses, which include the contact information of various current and former employees, upon the entry of a protective order which specifically lists the names of the employees whose personal information is to be provided.

Having carefully reviewed the parties' submissions, the Court finds that there is no real dispute as to whether the contact information should be provided; the dispute is the form of the protective order this Court should enter in relation to the disclosure of the contact information.  The Court further finds that the parties have not truly exhausted all opportunities to resolve this matter and to agree upon a proposed protective order.  Accordingly, the Court finds that the parties should meet and confer to resolve this issue.  If the parties are unable to agree on a proposed order, each party may submit a proposed order, and the Court will enter an order based upon the parties' submissions.

### 2. Interrogatory 4

Interrogatory 4 states:

> Identify (defined as full name, last known home address, last known home or cell phone number, work address, year of birth, dates of employment and job title and either the persons' year of birth or last four digits of the person's social security number) each person who, during any part of the period from January 1, 2011 to the present was supervised (directly and/or indirectly) by those persons who made the final decision to terminate the Plaintiff.

Plaintiff's Opening Discovery to Defendant at 6, attached as Exhibit 1 to Plaintiff's Motion to

Compel Discovery with Authority. Defendant responds:

> Objection. Overly broad, unduly burdensome, unlikely to lead to the discovery of admissible evidence. The primary decision makers regarding Plaintiff's termination were OJA's Chief of Staff and the (then acting) Director of the Institutional Services Division. The Chief of Staff is ultimately responsible for the supervision of nearly every employee of the agency, which is over 700 people. The Director of the Institutional Services Division is ultimately responsible for the supervision of over 450 employees at the agency's three medium secure institutions. It is overly broad and unduly burdensome to provide the requested information for this number of employees.

Defendant's Response to Plaintiff's Opening Discovery to Defendant at 9, attached as Exhibit 2 to

Plaintiff's Motion to Compel Discovery with Authority.

Plaintiff asserts that the information requested is clearly relevant and is appropriately limited

to those individuals supervised by the people defendant claims to have been the final decision

makers. Additionally, in an effort to compromise, plaintiff, during the Rule 37.1 conference, further

agreed to limit the request to persons supervised (directly or indirectly) by J.D. Johnson whose

supervisory authority is limited to the facility where plaintiff worked. Plaintiff contends such

individuals may know the work conditions imposed on plaintiff and others, the personalities (and

biases) of persons involved in the dispute, whether conduct similar to that attributed to plaintiff was

committed by others, how similar acts by others were treated by the decision makers, and how the

decision makers treated others who requested medical leave.

Defendant asserts that it is overly broad and unduly burdensome to provide the requested

information for more than 700 employees. Regarding plaintiff's proposed limitation to only those

employees that were supervised by Mr. Johnson, defendant states that Mr. Johnson is the

Institutional Program Coordinator at the Southwest Oklahoma Juvenile Center ("SWOJC"), the facility where plaintiff worked, and he oversees all youth guardian specialists at SWOJC but was not plaintiff's direct supervisor and was not the decision maker regarding plaintiff's termination. Defendant further asserts that the information requested is irrelevant. Additionally, defendant states it has agreed to produce the personnel documents for the youth guardian specialists that were supervised by plaintiff's supervisor, Cynthia Atkins, during the time period.

Having carefully reviewed the parties' submissions, the Court finds that the information requested by plaintiff in Interrogatory 4, as limited by plaintiff to those employees that were supervised by Mr. Johnson, is relevant and is not overly broad and unduly burdensome. The Court would specifically note that Mr. Johnson was listed by defendant as an individual who participated in the decision to terminate plaintiff. Accordingly, the Court finds that defendant should be compelled to respond to Interrogatory 4, limited to those employees that were supervised (directly and indirectly) by Mr. Johnson.

3.      Interrogatory 6

Interrogatory 6 seeks the names and personal information of persons likely to have material knowledge related to any issues in this case and seeks a description of that knowledge. In its response, defendant states that it has supplemented its response with all requested information. In his reply, plaintiff contends that defendant failed to provide the employment status for Cynthia Atkins and Gail Gibson and failed to provide the contact information for these witnesses. Upon review of the parties' submissions, the Court finds that defendant should be compelled to provide the employment status for Cynthia Atkins and Gail Gibson. As to these witnesses' contact

information, the Court finds that this information will be provided once a protective order has been entered as set forth above.

       4.      Interrogatory 7

Interrogatory 7 seeks information as to who replaced plaintiff. In its response, defendant states that it has supplemented its response with the requested information, with the exception of the contact information which will be provided upon entry of a protective order. Based upon defendant's supplementation and the Court's ruling regarding the contact information, the Court finds no further ruling is required as to Interrogatory 7.

       B.      Personnel documents (Request for Production 9)

Request for Production 9 states:

> Produce the "personnel documents" for the following persons:
>
> A.    All persons who, from January 1, 2012 through the present, occupied the same and/or similar position as the Plaintiff and/or performed the same and/or similar job duties as the Plaintiff;
>
> B.    All persons who, from January 1, 2012 through the present, were disciplined and/or terminated for the same and/or similar reasons the Plaintiff was disciplined and/or terminated;
>
> C.    All persons who, from January 1, 2012 through the present, made a request for a medically-related accommodation (limited geographically to persons who were supervised by the person who made the final decision to terminate the Plaintiff).
>
> D.    All persons who, from January 1, 2012 through the present, were suspected and/or accused of committing an offense of equal and/or greater seriousness than that attributed to the Plaintiff (limited geographically to persons who were supervised by the person who made the final decision to terminate the Plaintiff);
>
> E.    All persons who, from January 1, 2012 to the present, were on medical-related leave for more than twelve weeks.

Plaintiff's Opening Discovery to Defendant at 14-15. Plaintiff contends that the personnel documents sought would allow him to uncover relevant information, such as defendant's motive, intent and treatment of similarly situated persons.

Defendant asserts that Request for Production 9 attempts to obtain personnel documents of every OJA employee and is facially overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Defendant further asserts that plaintiff has not shown any justification for agency-wide documents. Defendant contends that plaintiff's direct supervisor was Cynthia Atkins and that it has produced the requested information and/or documentation within this scope.

Having carefully reviewed the parties' submissions, the Court finds that Request for Production 9 should be limited to persons at SWOJC, where plaintiff worked. As limited, the Court finds the request for production is not overbroad or unduly burdensome and is likely to lead to the discovery of admissible evidence. Accordingly, to the extent there are additional documents, the Court finds that defendant should be compelled to produce personnel records in response to Request for Production 9, limited to persons at SWOJC.

### C. Other charges of discrimination (Request for Production 14)

Request for Production 14 seeks copies of other charges of discrimination and retaliation, including other lawsuits related to the same. In response, defendant provided all of the requested information pertaining to disability discrimination and/or retaliation filed by employees of SWOJC with the EEOC and/or OHRC between January 1, 2012 and December 31, 2014. In his reply, plaintiff notes that the documents produced redacted contact information necessary to locate the witnesses. The Court's prior ruling regarding the protective order addresses this issue. In his reply,

plaintiff does not set forth any other specific deficiencies in defendant's production; therefore, the Court finds no further ruling is required as to Request for Production 14.

III.     Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Compel Discovery [docket no. 18] as set forth above.  The parties shall submit to the Court an agreed protective order, or if no agreement can be reached, their individual proposed protective orders, on or before August 18, 2015.  Additionally, defendant shall provide any supplemental responses, as set forth above, on or before August 21, 2015.

**IT IS SO ORDERED this 4th day of August, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE