# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM DE LA CRUZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-14-1020-M |
| STATE OF OKLAHOMA, ex rel., OFFICE OF JUVENILE AFFAIRS, | ) ) ) ) |
| Defendant. | ) |

## ORDER

This case is set on the Court's December 2015 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed October 1, 2015. On November 3, 2015, plaintiff filed his response, and on November 10, 2015, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff was employed by defendant Office of Juvenile Affairs ("OJA") to work as a youth guidance specialist at Southwest Oklahoma Juvenile Center ("SWOJC"). Plaintiff had surgery on August 20, 2013 for kidney cancer. Plaintiff submitted FMLA documentation requesting leave for the surgery and a period of 4 to 6 weeks to recover from the surgery. OJA granted plaintiff's FMLA request.

During his leave plaintiff was required to check-in with his supervisor on a weekly basis. OJA asserts that plaintiff never checked-in with his supervisor or anyone at SWOJC during or after his 4 to 6 week surgery recovery period. Plaintiff, on the other hand, asserts that he left multiple voice mail messages for his supervisor which were never returned, and that he spoke with Jane Blair, who works in human resources at SWOJC, regarding his returning to work. OJA further asserts that

plaintiff did not provide any additional medical documentation of any need for being off any additional period of time. OJA ultimately issued a Report to Duty Notice, and OJA contends that plaintiff never reported to duty. Plaintiff, on the other hand, asserts that he was advised that he could not return to work until he provided medical documentation that he could return to work and that he provided OJA that documentation and still was not contacted to return to work. On December 11, 2013, OJA sent plaintiff the "Proposed Disciplinary Action: Notice of Pre-Termination Action," which advised him that a pre-termination hearing was scheduled for December 20, 2013. Plaintiff did not attend his pre-termination hearing. Plaintiff asserts that he contacted J. D. Johnson, the institutional program coordinator at SWOJC, about moving the pre-termination hearing because plaintiff had to take his wife to a doctor's appointment and that Mr. Johnson advised him that the hearing could not be moved but that he would speak for plaintiff at the hearing and that he "had his back." On December 27, 2013, OJA terminated plaintiff's employment.

On August 20, 2014, plaintiff filed the instant action against OJA. Plaintiff alleges that he was discriminated and retaliated against on the basis of his disability. OJA now moves this Court for summary judgment as to all of plaintiff's claims.

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

In addressing plaintiff's discrimination and retaliation claims, the Court, because plaintiff has not presented any direct evidence of discrimination or retaliation, must apply the three-part test established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a prima facie case of discrimination or retaliation. *See Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010). Second, once plaintiff has established a prima facie case, the burden of production shifts to defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *See id.* Third, if defendant has provided a legitimate, non-discriminatory reason, the burden shifts to plaintiff to prove the employer's proffered reason was pretextual. *See id.*

Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted).

3

The "relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004).

A. Failure to accommodate claim

To state a prima facie case of failure to accommodate, plaintiff must show that (1) he is a qualified individual with a disability; (2) his employer was aware of his disability; and (3) his employer failed to reasonably accommodate the disability. *See Allen v. SouthCrest Hosp.*, 455 F. App'x 827, 830 n.2 (10th Cir 2011). For purposes of its motion for summary judgment, OJA does not dispute that plaintiff is a qualified individual with a disability.

Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has set forth sufficient evidence that OJA was aware of his disability and that OJA failed to reasonably accommodate the disability to state a prima facie case of failure to accommodate. Plaintiff has presented evidence that OJA was aware that plaintiff had kidney cancer and that even post-surgery, plaintiff could require time off for treatments and flare-ups. Additionally, plaintiff has presented evidence that he did attempt to return to work but OJA would not allow him to return. Accordingly, the Court finds that plaintiff has stated a prima facie case of failure to accommodate.

Since plaintiff has established a prima facie case of failure to accommodate, OJA must now articulate a legitimate, non-discriminatory reason for terminating plaintiff. OJA asserts that plaintiff was terminated because he refused to report to work. The Court finds OJA has met its burden to produce a legitimate, non-discriminatory reason for plaintiff's termination.

4

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue as to whether OJA's explanation is pretextual. Specifically, plaintiff has testified that he did check-in with his supervisor while he was on leave and that he attempted to return to work but OJA would not let him return. As it is improper for this Court to make credibility determinations at the summary judgment stage, plaintiff's testimony clearly is sufficient evidence to create a genuine issue as to pretext.

Accordingly, the Court finds that OJA is not entitled to summary judgment as to plaintiff's failure to accommodate claim.

B. Discrimination claim

To state a prima facie case of discrimination, plaintiff must show that (1) he is disabled within the meaning of the Americans with Disabilities Act ("ADA"); (2) he was qualified to perform the essential functions of his job with or without accommodations; and (3) he was terminated under circumstances which give rise to an inference that the termination was based on his disability. *See Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 544 (10th Cir. 2014). For purposes of its motion for summary judgment, OJA does not dispute that plaintiff was disabled within the meaning of the ADA and admits that plaintiff was qualified to perform the essential functions of his job.

Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has set forth sufficient evidence showing that he was terminated under circumstances which give rise to an inference that his termination was based on his disability.

5

Plaintiff has presented evidence that contrary to OJA's assertions, he attempted to return to work but OJA would not allow him to return. Further, plaintiff has testified that he requested that the pre–termination hearing be moved to a different date, that his request was denied, and that Mr. Johnson stated that he would speak for him at the hearing, but he did not. Accordingly, the Court finds that plaintiff has stated a prima facie case of discrimination.

Since plaintiff has established a prima facie case of discrimination, OJA must now articulate a legitimate, non-discriminatory reason for terminating plaintiff. OJA asserts that plaintiff was terminated because he refused to report to work. The Court finds OJA has met its burden to produce a legitimate, non-discriminatory reason for plaintiff's termination.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue as to whether OJA's explanation is pretextual. Specifically, plaintiff has testified that he did check-in with his supervisor while he was on leave and that he attempted to return to work but OJA would not let him return. As it is improper for this Court to make credibility determinations at the summary judgment stage, plaintiff's testimony clearly is sufficient evidence to create a genuine issue as to pretext.

Accordingly, the Court finds that OJA is not entitled to summary judgment as to plaintiff's discrimination claim.

C. Retaliation claim

To state a prima facie case of retaliation, a plaintiff must show: (1) he engaged in protected activity; (2) he suffered a materially adverse action either after or contemporaneous with his

protected activity; and (3) a causal connection between the protected activity and the adverse action. *See Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010). For purposes of its motion for summary judgment, OJA does not dispute that plaintiff's termination is a materially adverse action.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to state a prima facie case of retaliation. A request for a reasonable accommodation is a protected activity. *See Wehrley v. Am. Family Mut. Ins. Co.*, 513 F. App'x 733, 740 (10th Cir. 2013). Further, an allowance of time for treatment and recuperation can constitute a request for accommodation. *See Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1110 (10th Cir. 1999). As plaintiff requested leave for his surgery and time to recover from his surgery, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of fact as to whether he engaged in protected activity. Additionally, the Court finds the time period between when plaintiff requested and took his leave and his termination is sufficiently close to satisfy the causal connection. *See Annett v. Univ. of Kan.*, 371 F.3d 1233, 1240-41 (10th Cir. 2004). Accordingly, the Court finds that plaintiff has stated a prima facie case of retaliation.

Since plaintiff has established a prima facie case of retaliation, OJA must now articulate a legitimate, non-discriminatory reason for terminating plaintiff. OJA asserts that plaintiff was terminated because he refused to report to work. The Court finds OJA has met its burden to produce a legitimate, non-discriminatory reason for plaintiff's termination.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in

7

plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue as to whether OJA's explanation is pretextual. Specifically, plaintiff has testified that he did check-in with his supervisor while he was on leave and that he attempted to return to work but OJA would not let him return. As it is improper for this Court to make credibility determinations at the summary judgment stage, plaintiff's testimony clearly is sufficient evidence to create a genuine issue as to pretext.

Accordingly, the Court finds that OJA is not entitled to summary judgment as to plaintiff's retaliation claim.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 26].

**IT IS SO ORDERED this 13th day of November, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE